**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.

No. 95-5642

DANDRE TORRES, a/k/a Danny Scott,
a/k/a "D",
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Robert D. Potter, Senior District Judge.
(CR-92-153)

Submitted: February 28, 1997

Decided: May 19, 1997

Before LUTTIG and WILLIAMS, Circuit Judges, and
PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph F. Lyles, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, David C. Keesler, Assistant United
States Attorney, Frank D. Whitney, Assistant United States Attorney,
Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

D'Andre Torres appeals from his conviction for conspiracy to possess with intent to distribute, and to distribute cocaine in violation of 21 U.S.C. § 846 (1994). We affirm.

Torres claims that there was a variance between the offense charged in the indictment, a single conspiracy, and the evidence presented at trial, which he contends related to multiple conspiracies. Because Torres did not raise this issue below and the jury was not instructed that they could find separate conspiracies, our review is limited to determining whether the trial court committed plain error in failing to sua sponte instruct the jury that they could find multiple conspiracies rather than the single conspiracy charged in the indictment. See United States v. Young, 470 U.S. 1, 15 (1985); United States v. Richerson, 833 F.2d 1147, 1155-56 (5th Cir. 1987). After reviewing the materials presented by both parties, we find no plain error in the failure to give such an instruction.

Further, even assuming there was a variance, a variance which does not modify the elements of a crime charged only invalidates a conviction when it prejudices the defendant. See United States v. Odom, 736 F.2d 104, 118 (4th Cir. 1984). To make a showing of actual prejudice an appellant must demonstrate that "`there were so many defendants and so many separate conspiracies before the jury' that the jury was likely to transfer evidence from one conspiracy to a defendant involved in an unrelated conspiracy." United States v. Kennedy, 32 F.3d 876, 883 (4th Cir. 1994) (quoting United States v. Caporale, 806 F.2d 1487, 1500 (11th Cir. 1986)). This was simply not the case in Torres' trial. Rather the evidence demonstrated that Torres and another individual were the main actors in a conspiracy in which others participated. Although Torres alleges that he did not participate in all of the transactions and was unaware of the involvement of certain

2

individuals, this does not preclude a finding of an single conspiracy. See United States v. Leavis, 853 F.2d 215, 218 (4th Cir. 1988). Thus, Torres has not demonstrated prejudice. Moreover, because the Government demonstrated Torres' involvement in at least one of these conspiracies, there is no variance affecting his substantial rights. See Richerson, 833 F.2d at 1155. We therefore affirm.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED